UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SONNIA TENE,

                Petitioner,

       -against-                             23-CV-9533 (LTS)

UNITED STATES DEPARTMENT OF          TRANSFER ORDER
JUSTICE, EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW,

                Respondent.

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Sonnia Tene submitted this *pro se* petition seeking review of the Board of Immigration Appeals' ("BIA") September 29, 2023 order denying her appeal of an Immigration Judge's denial of her application for relief and protection from removal. For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

## BACKGROUND

      The following facts are taken from the Executive Office for Immigration Review's September 1, 2022 decision and order and the BIA's September 29, 2023 order, which Petitioner attaches to the petition. Petitioner is a native and citizen of Ecuador. On or about July 18, 2021, Petitioner, her husband, and their two children arrived in the United States at or near Eagle Pass, Texas. (ECF No. 1 at 9.) Approximately one month later, on August 25, 2021, Petitioner was charged with removability. (*Id.*) At a hearing on February 7, 2022, Petitioner, through her attorney, conceded her removability as charged, and based upon the admission, the court found removability established by clear and convincing evidence. (*Id.* at 9.) On February 3, 2022, Petitioner's counsel filed applications for asylum, withholding of removal and protection under

the Convention Against Torture ("CAT"). (*Id.*) Petitioner appeared before an Immigration Judge on June 16, 2022, and July 28, 2022, in support of her applications for asylum, withholding of removal and protection under CAT, and by decision and order dated September 1, 2022, Immigration Judge Richard H. Drucker denied the applications. (*Id.* at 10, 21.) Petitioner appealed, and by decision dated September 29, 2023, the BIA dismissed Petitioner's appeal. Petitioner filed her petition with this court on October 27, 2023.

## DISCUSSION

On May 11, 2005, the United States Congress enacted the REAL ID Act, stripping federal district courts of jurisdiction to review orders of removal or requests for a stay of removal. *See* 8 U.S.C. § 1252(a)(5). Under the REAL ID Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this [Act]" *Id.* Such a "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." Section 1252(b)(2). Where a petitioner raises constitutional claims, the petition still must be filed in the appropriate court of appeals, as a petition for review. *See Shabaj v. Holder*, 718 F.3d 48, 51 (2d Cir. 2013) (per curiam) (noting that "while *this court* would have jurisdiction to review any constitutional claims or questions of law raised by [Petitioner] in a petition for review . . . the *district court* did not have jurisdiction") (emphasis in original).

If a district court concludes that it does not have jurisdiction to consider a petitioner's challenge to a removal order, the court must then determine whether transfer to a court of appeals is appropriate. *See Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 618 (2d Cir. 2007). Generally, if a petitioner does not file the submission on a timely basis, transfer would be inappropriate. *Id.* (holding that transfer to the court of appeals was not permitted where petition

2

for review would be untimely). A petition for review of an order of removal must be filed "not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1).

The Court concludes that it lacks jurisdiction to consider Petitioner's challenge to the BIA's dismissal of her appeal, *see* 8 U.S.C. § 1252(a)(5), (b)(2), and that it is appropriate to transfer this petition to the Court of Appeals for the Second Circuit, as it appears to be timely. Petitioner had until October 29, 2023, to file her petition for review in the Second Circuit; that is, 30 days from September 29, 2023, the date that the BIA dismissed Petitioner's appeal. Petitioner filed this petition on October 27, 2023. The Court therefore transfers the petition to the Court of Appeals for the Second Circuit.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States Court of Appeals for the Second Circuit. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  October 31, 2023
        New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge